PER CURIAM.
Appellant appeals from the Tax Court’s denial of an exemption from municipal property taxes for four residential cottages in the summer resort of Ventnor which are used for “vacation residences for missionaries,” rest and relaxation (R & R) for missionaries and to house retired missionaries. We affirm.
The facts are accurately stated in the reported decision issued by Judge Rimm on December 1, 1993. We merely summarize them. Defendant, Interdenominational Foreign Missionary Society of New Jersey, Inc. (IFMS), is a non-profit organization. IFMS is the owner of four residential properties in Ventnor City.
To fully understand this matter, it is necessary to recite briefly the history of IFMS. The Pennsylvania Medical Missionary Society (Society) is a nonprofit organization incorporated in the Commonwealth of Pennsylvania for purposes which include the establishment and maintenance of residences for missionaries or students preparing for missionary work. The Society provides financial aid to foreign and American medical students, and is tax exempt under the IRS rules.
*162 Because a need developed for places where missionaries could stay between overseas assignments or while establishing themselves on retirement, furlough cottages were acquired which have been in constant use since 1931. In 1922, when IFMS was incorporated in New Jersey, the Society transferred all four subject properties to IFMS to further its non-profit work for a $1.00 consideration. IFMS’ Certificate of Incorporation reads in pertinent part as follows:
The purpose for which this corporation is formed is to diffuse information concerning foreign missions, particularly medical missions, and to arouse interest therein; to aid students in obtaining proper education for missionary service; to establish and maintain homes or residence (sic) in the State of New Jersey and elsewhere for the free use of missionaries on temporary leave of absence ¡from] (sic) their work and for the free use of students preparing for such work; to engage in such other [blenevolent [sic] and charitable activities as may be determined from time to time by the trustees with the approval of the member (sic) of the Corporation given in such manner as may be provided in the by-laws; to obtain, hold and disburse contributions of money, and to acquire, Hold and dispose of real and personal property in accomplishing any or all of the purpose[s] for which the corporation is formed.
[Emphasis added].
The homes are traditional residential properties in an R-7 zone, which permits single family and two family dwellings. The interiors, however, are maintained as a single unit so that individuals eat together and share household chores.
Between May 1, 1989 and April 30, 1991, as many as forty-four families occupied the furlough cottages at various times. Some of these families were serving in the United States, some were from foreign countries and some were retired. The families were affiliated with organizations such as United Presbyterian Church, International Mission, Overseas Mission, and the Arab World Ministry.
The four properties were exempt from local property taxation from the tax years 1922 up to and including 1990. In 1969, Ventnor City and the IFMS entered into an arrangement whereby IFMS contributed annually for city services in lieu of paying taxes.
On November 15, 1990, defendant filed applications for exemptions for each of the four properties. The application requested *163 that “[i]f improved with structures or other facilities, state number and size of buildings, nature of other facilities and the specific use of each.” Defendant responded that all were vacation residences for missionaries.
On January 10, 1991, the Tax Assessor of Ventnor filed an assessment list with the County Board of Taxation, stating that the properties were taxable. On August 13, 1991, the IFMS filed Petitions of Appeal for the four properties seeking removal of the exemptions, and alternatively seeking a reduction in the assessments. On October 9, 1991, the Atlantic County Board of Taxation reinstated the exemption for each of the properties.
Plaintiff subsequently filed a complaint with the Tax Court of New Jersey seeking to have the properties declared taxable, and requesting reinstatement of the tax assessments.
Margaret Ada Mutch, Chairman of the Admissions Committee of IFMS, testified that the four properties are used primarily for furloughed missionaries serving overseas, but also for vacation purposes, “rest and relaxation,” and to house missionaries waiting reassignment from one overseas post to another who do not otherwise have a United States residence.
On December 1, 1993, Judge Rimm reversed the County Board of Taxation and held that the properties did not qualify for exemption. Judge Rimm emphasized that IFMS’s Certificate of Incorporation stated that one of its purposes was “to establish and maintain ... residence[s] in the State of New Jersey----for the free use of missionaries on temporary leave of absence [from] their work.” Judge Rimm posited that “[p]eople on leave from their work are not performing their work, and hence are not engaging ... in any activities for the moral and mental improvement of men, women and children____” Judge Rimm further found that IFMS was not organized ... “exclusively for religious and charitable purposes,” and that the properties “are neither actually nor actually and exclusively used for any tax exempt purpose defined in N.J.S.A. 54:4-3.6____ The cottages ... are used for vacation residences for retired and active missionaries mainly during the summer months when living at the shore is most attractive.”
*164 On appeal, defendant contends that the four properties fall within the “moral and mental improvement” exemption, as well as under the “used ... for religious or charitable purposes” exemption. There was substantial credible evidence to support Judge Rimm’s opinion that these exemptions were not satisfied. See Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974).
We affirm substantially for the reasons set forth in Judge Rimm’s thorough reported decision.